UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, ) <br> ) <br> Plaintiff, ) <br> ) Case No. _____ <br> v. ) <br> ) JURY TRIAL DEMANDED <br> VEONEER, INC., JAN CARLSON, ) <br> ROBERT W. ALSPAUGH, MARY LOUISE ) <br> CUMMINGS, MARK DURCAN, JAMES M. ) <br> RINGLER, KAZUHIKO SAKAMOTO, ) <br> JONAS SYNNERGREN, and WOLFGANG ) <br> ZIEBART, ) <br> ) <br> Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 22, 2021 (the "Proposed Transaction"), pursuant to which Veoneer, Inc. ("Veoneer" or the "Company") will be acquired by Magna International Inc. ("Parent") and 2486345 Delaware Corporation ("Acquisition Sub," and together with Parent, "Magna").

2. On July 22, 2021, Veoneer's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Magna. Pursuant to the terms of the Merger Agreement, Veoneer's stockholders will receive $31.25 in cash for each share of Veoneer common stock they own.

3. On August 19, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Veoneer common stock.

9. Defendant Veoneer is a Delaware corporation and a party to the Merger Agreement. Veoneer's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "VNE."

2

10. Defendant Jan Carlson is Chairman of the Board of the Company.

11. Defendant Robert W. Alspaugh is a director of the Company.

12. Defendant Mary Louise Cummings is a director of the Company.

13. Defendant Mark Durcan is a director of the Company.

14. Defendant James M. Ringler is a director of the Company.

15. Defendant Kazuhiko Sakamoto is a director of the Company.

16. Defendant Jonas Synnergren is a director of the Company.

17. Defendant Wolgang Ziebart is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Veoneer is a worldwide leader in automotive technology.

20. The Company designs, develops, and manufactures state-of-the-art software, hardware and systems for occupant protection, advanced driving assistance systems, and collaborative and automated driving to OEMs globally.

21. On July 22, 2021, Veoneer's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Veoneer's stockholders will receive $31.25 in cash per share.

23. According to the press release announcing the Proposed Transaction:

Magna International Inc. (TSX: MG; NYSE: MGA) and Veoneer (NYSE: VNE; SSE: VNE SDB) today announced that they have entered into a definitive merger agreement under which Magna will acquire Veoneer, a leader in automotive safety technology. Pursuant to the agreement, Magna will acquire all of the issued and

outstanding shares of Veoneer for $31.25 per share in cash, representing an equity value of $3.8 billion, and an enterprise value of $3.3 billion, inclusive of Veoneer's cash, net of debt and other debt-like items as of March 31, 2021. . . .

Transaction Details and Timing

The transaction has been unanimously approved by the Veoneer and Magna boards of directors, and Veoneer's board of directors unanimously recommends that Veoneer stockholders approve the proposed merger and merger agreement. In addition, Veoneer stockholders AMF, Cevian, AP4 and Alecta, which collectively represent approximately 40% of Veoneer's outstanding shares of common stock, have either entered into support agreements with Magna or provided indications of support, pursuant to which they have agreed, among other things and subject to certain conditions, to vote their shares of Veoneer common stock in favor of the transaction. A special meeting of Veoneer's stockholders will be convened in connection with the transaction as soon as practicable after the mailing to Veoneer's stockholders of the proxy statement in connection with the merger. The transaction is expected to close near the end of 2021, subject to the approval of Veoneer's stockholders, certain regulatory approvals and other customary closing conditions. The transaction is not subject to any financing conditions.

Advisors

Citi serves as financial advisor and Sidley Austin LLP serves as legal counsel to Magna. Rothschild & Co and Morgan Stanley serve as financial advisors and Skadden, Arps, Slate, Meagher & Flom LLP serves as legal counsel to Veoneer.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Proxy Statement omits material information.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors, Rothschild & Co. ("Rothschild") and Morgan Stanley.

30. With respect to Morgan Stanley's Public Trading Comparables Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Morgan Stanley in the analysis.

31. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iii) all line items used to calculate projected cash flows.

32. With respect to Morgan Stanley's Precedent Transactions Multiples Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed by Morgan Stanley in the analysis.

33. With respect to Morgan Stanley's Equity Research Analysts' Future Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

34. With respect to Rothschild's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) all line items used to calculate

projected cash flows; (iv) the Company's net debt; and (v) the number of fully-diluted shares outstanding of the Company.

35. With respect to Rothschild's selected equity analyst per share target prices analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. With respect to Rothschild's premiums paid analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. Third, the Proxy Statement fails to disclose material information regarding Morgan Stanley.

39. The Proxy Statement fails to disclose the timing and nature of the past services Morgan Stanley provided to Veoneer and its affiliates.

40. The Proxy Statement also fails to disclose the timing and nature of any past services Morgan Stanley provided to Parent or its affiliates, and the amount of compensation received by Morgan Stanley for providing the services.

41. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Veoneer

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Veoneer is liable as the issuer of these statements.

45. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Veoneer within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Veoneer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

55. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 27, 2021                               **RIGRODSKY LAW, P.A.**

                                              By:  */s/ Gina M. Serra*
                                                      Seth D. Rigrodsky
                                                      Timothy J. MacFall
                                                      Gina M. Serra
                                                      Vincent A. Licata
                                                      825 East Gate Boulevard, Suite 300
                                                      Garden City, NY 11530
                                                      Telephone: (516) 683-3516
                                                      Email: sdr@rl-legal.com
                                                      Email: tjm@rl-legal.com
                                                      Email: gms@rl-legal.com
                                                      Email: vl@rl-legal.com

                                                      *Attorneys for Plaintiff*